In the Interest of JFC, ABC and MBC, Minor Children









OPINION WITHDRAWN
MAY 16, 2001





IN THE
TENTH COURT OF APPEALS
 

No. 10-99-153-CV

IN THE INTEREST OF
J.F.C., A.B.C. AND M.B.C., MINOR CHILDREN

 

From the 19th District Court
McLennan County, Texas
Trial Court # 97-3578-1
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The constitutional protection of procedural due process does not require a reversal of the
judgment in this case. The charge was not as precise as it could have been. But the parents had
a full trial on the merits. They had the opportunity to object to the charge. They did not. The
majority’s adoption of a criminal standard of review for charge error, which is based on a statute,
is not required in this civil proceeding.
      There is no reason that we should not apply the ordinary rules of civil procedure and appellate
review to this proceeding. Where it is arguable that a finding necessary to the judgment was not
submitted to the jury, the finding is normally implied in support of the judgment if the implied
finding has evidentiary support in the record. But we need not even rely on an implied finding. 
There is an express finding in the judgment that termination of the parent/child relationship is in
the best interest of the children.
      Constitutional protections of the parent/child relationship are adequately accorded the parents
in this proceeding by a diligent review of the proceedings to determine if the express findings
made by the jury and the court, are supported by the record. Finding that those findings are
supported by the record, I would not reverse the judgment terminating the parental rights on the
basis of charge error. Because the majority unnecessarily complicates review of termination
proceedings by imposition of a criminal statutory requirement as part of minimum procedural due
process in a civil proceeding, I respectfully dissent.


                                                                         TOM GRAY
                                                                         Justice

Dissenting opinion delivered and filed April 4, 2001
Publish